09-1392-ag
Bushati v. Holder

BIA
Abrams, IJ
A099 682 922

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

PRESENT:
>            ROBERT D. SACK,
>            PETER W. HALL,
>            DEBRA ANN LIVINGSTON,
>                        *Circuit Judges*.

_____

GERT BUSHATI,
>            *Petitioner*,

      **v.**                                                    09-1392-ag
                                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>            *Respondent*.

_____

FOR PETITIONER:            Linda L. Foster, Fresh Meadows, New York.

**FOR RESPONDENT:** **Tony West, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Katharine E. Clark, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Gert Bushati, a native and citizen of Albania, seeks review of a March 10, 2009, order of the BIA affirming the March 8, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gert Bushati*, No. A099 682 922 (B.I.A. Mar. 10, 2009), *aff'g* No. A099 682 922 (Immig. Ct. N.Y. City Mar. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the denial of relief in "asylum-only" proceedings. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006). We review the decision of the IJ

2

as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

Contrary to Bushati's argument, substantial evidence supports the agency's finding that he did not sufficiently establish that his attackers were government agents or individuals the government is unable or unwilling to control. *See Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Bushati presented evidence that he was attacked by men wearing masks, but that his attackers had no other physical indicia of being police officers. The affidavit corroborating these attacks states that the attackers' identity and the reasons for their actions could not be discerned. Therefore, the agency reasonably found such evidence did not establish that his attackers were Albanian police officers, and the record does not compel the contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B) (noting that a court of appeals may overturn administrative findings of fact only if any reasonable

3

factfinder would be compelled to conclude to the contrary).

Because Bushati failed to challenge the IJ's finding that he did not establish a pattern or practice of persecution of ethnic Chams in Albania before the BIA, we find that he has failed to exhaust his administrative remedies. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). We also find that because Bushati failed to establish past persecution, he is entitled to neither a presumption of a well-founded fear of persecution, s*ee* 8 C.F.R. § 1208.13(b)(1), nor humanitarian asylum, *see Matter of Chen*, 20 I. & N. Dec. 16, 19 (BIA 1989). Moreover, the agency reasonably found based on the evidence before it that any well-founded fear Bushati may have is undermined by the fact that his family remains in Albania unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Finally, we are without authority to consider the evidence Bushati submitted to the Court. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."). Additionally, we decline to remand to the BIA for consideration of this evidence where, *inter alia*, Bushati failed to submit it to the agency. *See*

4

*Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007).

Because Bushati was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Bushati has failed to challenge sufficiently the agency's denial of his application for CAT relief before this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk